IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
June 2, 2006

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| WALTER RICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.  3:05-cv-1048-R |
| | § | |
| LUPE VALDEZ, ROSELYN MGBAKOR, | § | |
| DR. OLIVER, and OFFICER ANDREWS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is defendant Dr. Joe Oliver Hicks and defendant Roselyn Mgbakor's Motion to Dismiss (filed October 24, 2005).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion.

### I. BACKGROUND

In a *pro se* complaint filed on October 24, 2005, plaintiff Walter Rice alleges that the defendants, Dallas County Sheriff Lupe Valdez and others, violated his civil rights by refusing to timely dispense his psychiatric medications while incarcerated at the Dallas County Jail.  Rice alleges that he has been diagnosed as a "paranoid schizophrenic, bipolar" individual and that the defendants' delayed dispensing his psychotropic medications for six weeks.  Rice claims that this delay in medical care violated his rights under the Eighth and Fourteenth Amendments and caused him "excruciating mental anguish."  Rice seeks compensatory and punitive damages.

Defendants Dr. Joe Oliver Hicks and Roselyn Mgbakor (collectively, the "UTMB defendants") are employees of the University of Texas Medical Branch, the state agency that provides medical services to the Dallas County Jail.  By motion filed on October 24, 2005, the

1

UTMB defendants have moved to dismiss all claims against them in their official capacity for lack of subject matter jurisdiction. Additionally, they have moved for dismissal on all remaining claims against them in their individual capacity for failure to state a claim for which relief may be granted.

In correspondence dated November 18, 2005, Plaintiff notified the Court that it did not respond to the defendants' motion because he was incapacitated in the month of October when incorrect medications were administered to him. Plaintiff has not requested leave to respond or otherwise amend his complaint.

## II. ANALYSIS

The Court will construe Rice's complaint as an action for relief under 42 U.S.C. §1983, which creates a private right of action for redressing the deprivation of federal constitutional and statutory rights by those acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984). To establish a claim under §1983, a plaintiff must prove the following elements: (1) the conduct in question was committed by a person acting under the color of state law; and (2) the conduct deprived the plaintiff of a right secured by the Constitution or the laws of the United States. *Martin v. Thomas*, 973 F.2d 449, 452-53 (5th Cir. 1992); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984).

### A. Rice's Official Capacity Claims

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the UTMB defendants have moved to dismiss Rice's claims against them in their official capacity under 42 U.S.C. §1983 for lack of subject matter jurisdiction. They contend that the Eleventh Amendment bars all claims brought against them in their official capacity.

#### 1. **Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party wishing to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Rodriguez v. Texas Commission on the Arts*, 992 F.Supp. 876, 879 (N.D.Tex.1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must take the facts as true and resolve inferences and doubts in the plaintiff's favor. *In re Supreme Beef Processors, Inc.*, 391 F.3d 629, 633 (5th Cir. 2004).

An Eleventh Amendment sovereign immunity defense challenges a court's subject matter jurisdiction. *See Ussery v. Louisiana*, 150 F.3d 431, 434 (5th Cir. 1998). A federal court does not have subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment; therefore, any claims that are barred by sovereign immunity should be dismissed without prejudice. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).

### 2. Eleventh Amendment Sovereign Immunity

The Eleventh Amendment prevents individuals from suing a state for damages. *See* U.S. CONST. AM. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). Eleventh Amendment immunity extends not only to the states themselves, but also to state agencies and departments. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In addition, Eleventh Amendment immunity

3

extends to suits for monetary damages against state officials in their official capacity. *See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 609 n. 10 (2001) (recognizing that "[o]nly States and state officers acting in their official capacity are immune from suits for damages...").

The University of Texas Medical Branch is undoubtedly an agency of the State of Texas. *See Combs v. Valdez*, 2005 WL 2291626 *1 n.2 (N.D.Tex. 2005); *University of Texas Medical Branch at Galveston v. Bagg*, 726 S.W.2d 582, 584 (Tex.App.–Houston [14th Dist.] 1987, writ ref.'s n.r.e.). Because Rice seeks only damages in his complaint, his claims against the UTMB defendants in their official capacities – i.e. as employees of the University of Texas Medical Branch – are barred by the Eleventh Amendment. *See Combs*, 2005 WL 2291626 at *3. Consequently, the Court finds that all official capacity claims against the UTMB defendants will be dismissed for lack of subject matter jurisdiction.

**B. Rice's Individual Capacity Claims**

The UTMB defendants claim that Rice's individual capacity claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for two reasons. First, they argue that Rice does not specifically describe how they were involved in the alleged deprivation of his constitutionally protected rights. (*See* Def.'s Mot. at 5.) As they correctly note, "other than naming [them] as defendants in his lawsuit, the Plaintiff makes no reference to them whatsoever" in his complaint. (*Id*.) Second, the UTMB defendants contend that Rice fails to state a claim against them because he fails to allege that he suffered any "physical injury," which, they argue, is necessary under 42 U.S.C. §1997e(e). (*Id*. at 5-6). In this regard, they argue that Rice's claim that he suffered "excruciating mental anguish" is insufficient. (*Id*. at 6).

4

### 1. Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) is disfavored in the law and rarely granted. *See Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573 (N.D.Tex. 2005) (citing, *inter alia*, *Thompson v. Goetzmann* 337 F.3d 489, 495 (5th Cir. 2003)). When ruling on a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *See Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). The complaint will only be dismissed if it appears beyond doubt that the claimant can prove no set of facts in support of its claim that would entitle him or her to relief. *See Campbell*, 43 F.3d at 975; *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). The relevant question is not whether the claimant will prevail but whether it is entitled to offer evidence to support its claims. *See Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 571 (N.D.Tex. 1997).

### 2. Eighth Amendment Deliberate Indifference

In order to state a colorable claim for the denial of medical care under the Eighth Amendment, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Liability under the Eighth Amendment requires that a prison official be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must actually draw that inference. *Farmer*, 511 U.S. at 837.

A prison official may be "deliberately indifferent" to an inmate's medical needs so as to give rise to a §1983 civil rights action if the official intentionally denies or delays a prisoner's access to medical care and such conduct results in substantial harm. *See, e.g., Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993); *Walker v. Butler*, 967 F.2d 176, 178 (5th Cir.1992); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir.1990); *see also*, *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir.1999) (finding that a colorable Eighth Amendment claim was stated where the inmate alleged that his repeated requests for medical treatment were ignored after a doctors failed to adequately repair his broken jaw).

However, the Prison Litigation Reform Act of 1996 imposes special conditions on prisoners bringing civil rights lawsuits for mental or emotional injury. Subsection (e) of 42 U.S.C. §1997e provides: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Fifth Circuit recently held that §1997e(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

After reviewing the complaint in the light most favorable to Rice, the Court finds that he has alleged only psychological injury and not any physical injury in connection with his failure to receive his medication. Absent any showing of physical injury, he is precluded from recovering compensatory damages against Oliver or Mgbakor under the plain language of §1997e(e). *See Combs*, 2005 WL 2291626 *6.

The Court, however, declines defendants' invitation to dismiss Rice's lawsuit. The Fifth

6

Circuit has clearly held that it is generally reversible error for a district court to dismiss a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Consequently, the Court denies the UTMB defendants' Rule 12(b)(6) motion to dismiss without prejudice to the refiling of same.

### III. CONCLUSION

For the reasons stated above, the Court enters the following rulings:

1. The UTMB defendants' Rule 12(b)(1) motion to dismiss all official capacity claims for lack of subject matter jurisdiction is **GRANTED**; and

2. The UTMB defendants' Rule 12(b)(6) motion to dismiss all individual capacity claims for failure to state a claim is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED: June 2_, 2006.**

_____
**JUDGE JERRY BUCHMEYER**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

7